UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 24-cv-21152-DPG

BEVERLY DOTTER,

     *Plaintiff,*

vs.

NCL (BAHAMAS) LTD,
a Bermuda company d/b/a
NORWEGIAN CRUISE LINE,

     *Defendant.*

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES IN RESPONSE TO PLAINTIFF'S COMPLAINT

Defendant, NCL (BAHAMAS) LTD. d/b/a NORWEGIAN CRUISE LINE (hereinafter "NCL"), by and through the undersigned counsel, hereby files its Answer and Affirmative Defenses in response to Plaintiff's Complaint [DE 1] as follows:

## JURISDICTIONAL AND VENUE ALLEGATIONS

1.    Admitted that Plaintiff alleges damages in excess of $75,000.00, but NCL denies his entitlement to any award of damages.

2.    Admitted upon information and belief, including information provided by Plaintiff.

3.    Admitted for the purposes of this litigation only.

4.    Admitted that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1333.

5.    Admitted for the purposes of this litigation only.

6.      Admitted that on the date of the alleged incident, NCL was operating the subject vessel.

7.      Admitted that venue is proper.

8.      Admitted that venue is proper.

9.      Admitted that Plaintiff notified NCL of her alleged incident within the timeframes required by the parties' contract.

## GENERAL ALLEGATIONS

10.     Denied as an incomplete statement of the law.

11.     Denied.

12.     Admitted only that NCL was the operator of the *Norwegian Sky* on the date of the alleged incident.

13.     Denied.

## COUNT I – NEGLIGENCE

14.     NCL readopts and realleges its responses to paragraphs 1 through 13 above as if fully incorporated herein.

15.     Admitted that Plaintiff was a fare paying passenger aboard the *Norwegian Sky* on April 5, 2023.

16.     Denied.

17.     Denied, including subparagraphs (a) through (d).

18.     Denied.

19.     Denied.

NCL denies that Plaintiff is entitled to any damages and demands strict proof thereof.

## COUNT II – NEGLIGENT DESIGN AND CONSTRUCTION

20.     NCL readopts and realleges its responses to paragraphs 1 - 13, 16, and 17, as if set forth herein.

21.     Denied as phrased.

22.     Denied as phrased.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied, including subparagraphs (a) through (b).

27.     Denied.

NCL denies that Plaintiff is entitled to any damages and demands strict proof thereof.

## COUNT III – NEGLIGENT FAILURE TO WARN

28.     NCL readopts and realleges its responses to paragraphs 1 through 13, and 16-17, as if set forth herein.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

NCL denies that Plaintiff is entitled to any damages and demands strict proof thereof.

## COUNT IV – VICARIOUS LIABILITY

35.     NCL readopts and realleges its responses to paragraphs 1 through 3, and 16-17, as if set forth herein.

36.     NCL admits that its crewmembers wash down decks, but NCL has no knowledge of the crewmember or crewmembers who Plaintiff alleges was/were involved in her incident, and therefore this allegation is denied.

37.     NCL has no independent knowledge of Plaintiff's alleged incident, or of any water "spilling down onto a set of passenger steps adjacent to the upper deck that was being washed" and therefore this allegation is denied.

38.     NCL has no independent knowledge of Plaintiff's alleged incident, or of any water spilling onto a set of passenger steps and therefore this allegation is denied.

39.     NCL has no knowledge of the crewmember(s) referred to in Plaintiff's Complaint and has no independent knowledge of Plaintiff's alleged incident. Therefore, this allegation is denied.

40.     Denied.

41.     NCL has no knowledge of the crewmember(s) referred to in Plaintiff's Complaint and has no independent knowledge of Plaintiff's alleged incident. Therefore, this allegation is denied.

42.     Denied.

43.     Denied.

NCL denies that Plaintiff is entitled to any damages and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

1.     Plaintiff's own negligence was the sole proximate cause of her injuries and damages and, accordingly, Plaintiff's claim is barred as a matter of law.

2.      Plaintiff's own negligence contributed to the subject accident and her injuries and damages and, accordingly, any award to Plaintiff, if any, must be reduced in proportion to her own comparative negligence.

3.      Plaintiff's voluntary intoxication was a direct result of Plaintiff's own conduct and, to the extent that Plaintiff's intoxication caused her shipboard incident and/or injuries, then Plaintiff's negligence was the sole proximate cause of her injuries and damages and, accordingly, Plaintiff's claim is barred as a matter of law. Alternatively, to the extent that Plaintiff's intoxication contributed to her shipboard incident and/or injuries, then any award to Plaintiff must be reduced in proportion to her own comparative negligence in bringing about the incident and/or injuries.

4.      Plaintiff's claims for damages are barred by the terms of Florida Statute § 768.36(2) in that, at the time of Plaintiff's alleged incident and/or injuries onboard the vessel, Plaintiff was under the influence of alcoholic beverages to the extent that Plaintiff's normal faculties were impaired and/or Plaintiff had a blood or breath alcohol level of 0.08 percent or higher; and as a result of the influence of such alcoholic beverages, Plaintiff was more than 50 percent at fault for her own harm.

5.      Plaintiff's claims are barred because there was no unreasonably dangerous or hazardous condition that caused her alleged injuries.

6.      To the extent the alleged unreasonably dangerous condition existed, Plaintiff's claims are barred because she knew of its existence, realized and appreciated the possibility of injury as a result of the danger and, having a reasonable opportunity to avoid it, voluntarily exposed herself to the danger.

7.      To the extent the alleged unreasonably dangerous condition existed, NCL had no actual or constructive notice or knowledge of it.

CASE NO.: 24-cv-21152-DPG

8.      To the extent the alleged unreasonably dangerous condition existed, NCL did not create it.

9.      To the extent the alleged unreasonably dangerous condition existed, it was apparent, open and obvious, and should have been observed by Plaintiff in the ordinary course of her senses, barring any recovery by her.

10.     The incident and injuries alleged by Plaintiff, if any, were the result of superseding, intervening, and/or unforeseeable causes from which NCL had no duty to protect Plaintiff.

11.     NCL fully discharged its duty to Plaintiff by warning her of any dangers and/or unique conditions of the vessel.

12.     Plaintiff's injuries and damages, if any, were caused solely by the conduct of third persons who are not subject to the control, direction or supervision of NCL and for which NCL cannot be held liable.

13.     This action is governed by and subject to the terms, limitations, and conditions contained within the contract for passage, and NCL adopts and incorporates same in its entirety to its answer by reference.

14.     Plaintiff's claims are governed by general maritime law and any recovery by Plaintiff is therefore limited by, and subject to, general maritime law.

15.     The alleged incident and injury were not fully disclosed, and therefore NCL reserves the right to amend or supplement these Affirmative Defenses with additional information if and when such information is discovered.

Respectfully Submitted,

By: */s/ Todd L. Sussman*
     **Todd L. Sussman, Esq.**
     Florida Bar No. 0084729
     tsussman@nclcorp.com

CASE NO.: 24-cv-21152-DPG

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By:  */s/ Todd L. Sussman*          
**Todd L. Sussman, Esq.**

## SERVICE LIST

*Beverly Dotter vs. NCL (Bahamas) Ltd.*
Case No.: 24-cv-21152-DPG
United States District Court for the Southern District of Florida

Todd L. Sussman, Esq.
NORWEGIAN CRUISE LINE
7665 Corporate Center Drive
Miami, FL 33126
Telephone:    (305) 436-4653
Facsimile:    (305) 468-2132
tsussman@nclcorp.com
jjara@nclcorp.com
*Attorneys for Defendant*

Paul M. Hoffman, Esq.
HOFFMAN LAW FIRM
2881 E. Oakland Park Blvd.
Ft. Lauderdale, FL 33306
Telephone:    (954) 707-5040
pmh@paulmhoffmanlaw.com
joelle@paulmhoffmanlaw.com
*Attorneys for Plaintiff*